IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

HOWARD WATSON,

    Plaintiff,

v.                                             Civil Action No. 5:05CV205
                                                                (STAMP)
CONSOL ENGERGY, INC.,
CONSOLIDATION COAL COMPANY,
JAMES LATHAM, RONALD KOVALSKI,
WILLIAM ISALY and ROGER L. CAYNOR,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND
AND DENYING AS MOOT PLAINTIFF'S MOTION
TO STAY PENDING THIS COURT'S RULING
ON PLAINTIFF'S MOTION TO REMAND**

I.  Procedural History

On November 23, 2005, the plaintiff, Howard Watson ("Watson"), a West Virginia resident, filed a complaint in the Circuit Court of Marshall County, West Virginia against the defendants, Consol Energy, Inc., Consolidation Coal Company (collectively "Consol"), James Latham ("Latham"), Ronald Kovalski ("Kovalski"), William Isaly ("Isaly") and Roger Caynor ("Caynor"), alleging personal injuries sustained by falling debris inside the Shoemaker Mine. Consol is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. Latham, Kovalski, Isaly and Caynor are all West Virginia residents. On December 28, 2005, Consol removed this civil action to the United States District

Court for the Northern District of West Virginia pursuant to 28 U.S.C. § 1441 and § 1332.[1]

On January 25, 2006, the plaintiff filed a motion to remand, to which Consol responded and the plaintiff replied.

On June 28, 2006, the plaintiff filed a motion to stay pending resolution of the motion to remand, to which Consol responded and the plaintiff replied.

For the reasons set forth below, this Court finds that the plaintiff's motion to remand must be granted and the plaintiff's motion to stay must be denied as moot.

## II. Facts

Consol operates the Shoemaker Mine, Golden Portal located in Marshall County, West Virginia. In November 2005, the plaintiff was an employee of Stanley Consultants ("Stanley") and was assigned to examine belts and belt entries for Consol at its Shoemaker Mine. On November 23, 2005, the plaintiff was allegedly injured when he was struck on his head by falling debris while working in the Shoemaker Mine.

The plaintiff asserts that the defendants had knowledge of the existence of the dangerous condition in the mine, which allegedly caused the plaintiff's injuries. The plaintiff requests damages for pain, suffering, inconvenience, embarrassment, mental anguish,

---

[1] The defendants do not assert that the plaintiff's complaint presents a federal question under 28 U.S.C. § 1331.

emotional and psychological trauma, medical treatment and care, home therapeutic treatment, medicines and other attendant services, past and future lost earnings and diminished enjoyment of life. In addition, the plaintiff requests punitive damages, attorney's fees and court costs.

III. Applicable Law

A. Motion to Remand

Title 28, United States Code, Section 1332 confers original jurisdiction over suits in which the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Moreover, 28 U.S.C. § 1441(b) states, in pertinent part, that actions "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

It should also be noted that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Thus, in diversity cases, the burden of negating the possibility that diversity of citizenship does not exist lies with the party seeking to invoke removal jurisdiction. See McGovern v. American Airlines, 511 F.3d 653, 654 (5th Cir. 1975). If a party challenges the allegation of jurisdictional facts, the party invoking diversity jurisdiction has the burden of supporting its allegations with competent proof. Thomson v. Gaskill, 315 U.S. 442

(1942). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, a remand is necessary. See Mulcahey, 29 F.3d at 151.

B. Fraudulent Joinder

The doctrine of fraudulent joinder is applicable where an in-state party is named as a co-defendant, but there is "no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)(emphasis in original)(quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Proving fraudulent joinder poses a significant burden for the defendant. See Hartley v. CSX Transp. Inc., 187 F.3d 422, 424 (4th Cir. 1999)(fraudulent joinder standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)).

Accordingly, "[t]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. at 232-233 (citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)). Further, "in order to determine whether an attempt at joinder is fraudulent, this court is not bound by the allegations of the pleadings, but may instead

'consider the entire record, and determine the basis of joinder by any means available.'" AIDS Counseling & Testing Ctrs. v. Group W Television, Inc., 903 F.2d 1000, 1004 (4th Cir. 1990)(quoting Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964)).

## IV. Discussion

In his motion to remand, the plaintiff asserts that diversity does not exist among the individual defendants. Specifically, the plaintiff asserts that Latham and Kovalski are employees of Consol and their presence in this action defeats diversity jurisdiction. In addition, the plaintiff asserts that Isaly and Caynor should be dismissed from this civil action because they were, at the time of the accident, employees of Stanley and are subject to the protections of West Virginia Code § 23-2-6 and § 23-6-6a, which immunizes employers and their agents from injuries to an employee.

In response, Consol asserts that Latham and Kovalski have been fraudulently joined and their citizenship, for the purposes of removal, should be disregarded. Specifically, Consol asserts that Latham and Kovalski have immunity under West Virginia Code § 23-2-6a.

West Virginia Code § 23-2-6a provides that:

> The immunity from liability set out in the preceding section [§ 23-2-6] shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention.

A.  <u>Voluntary Dismissal of Defendants, Roger L. Caynor and William Isaly</u>

Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss without prejudice any opposing party without leave of court at any time prior to the opposing party serving an answer or a motion for summary judgment.

On February 22, 2006, the plaintiff filed a voluntary dismissal of Islay and Caynor as defendants in the above-styled civil action pursuant to Federal Rule of Civil Procedure 41(a).  B.

<u>James Latham and Ronald Kovalski</u>

1.  <u>Loaned Servant Doctrine</u>

Pursuant to the test set forth by the Fourth Circuit Court of Appeals in <u>Maynard v. Kenova Chemical Company</u>, 626 F.2d 359 (4th Cir. 1980), a loaned servant exists if "(a) the employee has made a contract of hire, express or implied, with the special employer; (b) the work being done is essentially that of the special employer; and (c) the special employer has the right to control the details of the work."  <u>Id.</u> at 362.  In <u>Maynard</u>, the court found that an employee satisfied the "loaned servant doctrine" because the employee agreed to perform work for a labor broker's customers, had the right to refuse certain job assignments and was under the "complete control and direction" of the customer's supervisory personnel.  <u>Id.</u> at 362.

In the notice of removal, the defendants assert that Latham and Kovalski cannot be held liable to the plaintiff for an unsafe workplace under West Virginia Code § 21-3-1 because they are immune from workplace negligence under § 23-2-6. In his motion to remand, the plaintiff asserts that he never accepted employment from the defendants and that he did not enter into an employment agreement with Consol. In response, Consol contends that Latham and Kovalski were "borrowed servants" that should be treated as a dual employee of both, Stanley and Consol. (Defs.' Resp. at 2.) Specifically, Consol argues that the plaintiff accepted employment with Stanley at Consol's Shoemaker Mine, and thus he entered into an implied contract for fire bossing and related services. (Defs.' Supplemental Resp. Ex. 1.)

This Court finds, for purposes of deciding the motion to remand, that the three conditions required for a loaned servant to exist are not satisfied in this civil action.

It is undisputed that the plaintiff performed fire bossing and related services for Consol at its Shoemaker mine. The facts are in dispute regarding whether the plaintiff entered into an implied contract of hire with Consol. Consol contends that the plaintiff made an implied contract of hire with Consol, and thus was a borrowed servant. In support of its contention, Consol submitted an affidavit by Terry Smith, a Stanley employee, which states that Consol "told Watson where to work, when to report there, what and

7

how to do his job, and when to stop." (Defs.' Resp. Mot. to Remand Ex. 1.) On the other hand, the plaintiff asserts, in his affidavit, that he turned in his hours on the time spent fire bossing at Shoemaker Mine to Stanley and that Consol never supervised his work. (Pl.'s Reply Ex. A ¶ 6.) In addition, the plaintiff asserts that he was paid by Stanley, not Consol, and that Consol's mine personnel did not refer to themselves as the plaintiff's supervisor or employer and never supervised his work. (Pl.'s Reply Ex. A ¶ 6). In evaluating motions to remand, the court is directed to view all facts in the light most favorable to the plaintiff and this Court finds that, based upon the pleadings, there exists questions of fact regarding whether the plaintiff entered into an implied contract of hire with Consol.

Further, this Court looks to the contract between Stanley and Consol to determine whether Consol had an implied contract of hire with the plaintiff. This Court finds that, based upon the pleadings, the contract states that the contractors who perform work for Consol are independent contractors.

Specifically, the contract states that:

. . .

> 7. Contractor agrees that in the performance of the work under this contract, it shall act as an independent contractor, and all of its agents and employees, and agents and employees of its subcontracts, shall be subject solely to the control, supervision and authority of contractor or its subcontractors.

While viewing the facts in a light most favorable to the plaintiff, this Court finds that the pleadings and the contract language suggest that the plaintiff was an employee of Stanley and that the plaintiff had not entered into an implied contract for hire with Consol.

In addition, the plaintiff received worker's compensation checks from Stanley after he was injured in the mine accident. Consol does not assert that any of the money it paid Stanley for the plaintiff's services went towards paying the plaintiff's worker's compensation premium. See St. Claire v. Minnesota Harbor Serv., Inc., 211 F. Supp. 521, 526, 528 (D. Minn. 1962)(a plaintiff may not sue in tort "the man who paid for his Workman's Compensation.") Thus, Consol has not provided any statement that forecloses at least the possibility that Stanley was the only company paying the plaintiff's worker's compensation benefits, and was in fact the plaintiff's only employer.

Based upon the evidence stated above, this Court finds that the plaintiff has a reasonable basis to believe that Stanley remained his employer while he worked at Consol's mine. Thus, this Court finds that, at least at this stage, Consol has not proven that the plaintiff entered into an implied contract of hire with Consol. Accordingly, this Court finds that Latham and Kovalski are not immune from liability under West Virginia Code § 23-2-6a for purposes of deciding the plaintiff's motion to remand.

2. <u>Unsafe Workplace</u>

To prove fraudulent joinder, Consol must demonstrate that the plaintiff has no possibility of recovery against Latham and Kovalski for an unsafe workplace under West Virginia Code § 21-3-1. This Court finds that Consol has failed to meet this requirement.

Consol asserts that Latham and Kovalski were fraudulently joined because there is no cause of action against them. Specifically, Consol argues that Kovalski and Latham could not be liable for any acts that created an unsafe workplace under § 21-3-1 because only employers are required to provide a reasonably safe working condition. This Court disagrees. The United States District Court for the Southern District of West Virginia held, in an unpublished opinion, that employees in West Virginia are not relieved of tort liability by the application of respondeat superior even when acting in the scope of their employment. <u>McKean v. Wal-Mart Stores, Inc.</u>, 2005 U.S. Dist. Lexis 25452 (S.D. W. Va. July 26, 2005). That court stated that it appears that "the West Virginia Supreme Court may recognize a cause of action against a management level employee charged with some responsibility for maintaining the premises." <u>Id.</u> at *9. Without considering that unpublished opinion as precedent, this Court finds merit in the analysis of that case. Thus, the remaining question is whether the plaintiff has sufficiently pled a cause of action against Latham and Kovalski.

The plaintiff's pleadings indicate that Latham is a superintendent and Kovalski is a mine foreman of Consol's Shoemaker Mine, Golden Portal, in Marshall County, West Virginia. (Compl. ¶ 4-5.) In the notice of removal, the defendants provide affidavits signed by Latham and Kovalski. In Kovalski's affidavit, he asserts that he is a general mine foreman and did not assign the plaintiff to conduct the pre-shift examination at issue. In Latham's affidavit, he states that he is the mine superintendent and did not assign the plaintiff to conduct the pre-shift examination at issue. Neither Latham nor Kovalski assert that they were not responsible for either mine inspection or maintaining the premises of the mine.

Again, in evaluating motions to remand, the court is directed to view all facts in the light most favorable to the plaintiff and this Court finds that there exist questions of fact as to the duties of Latham and Kovalski, and also their knowledge of the existence of any dangerous conditions in the mine. Neither Consol nor Latham or Kovalski have provided any statement or allegation that forecloses at least the possibility that Latham or Kovalski, both of whom possibly undertook some responsibility with regard to mine inspection and maintaining the premises of the mine, "should have known about hazardous conditions at their mine," as alleged by the plaintiff. (Defs.' Mot. to Remand at 7.)

11

Finally, this Court notes that this is not the stage for resolution of the factual issues relating to the merits of the plaintiff's claims against Latham and Kovalski. See Hartley v. CSX Trans., Inc., 187 F.3d 422, 425 (4th Cir. 1999). This Court need only determine that the plaintiff's claim has some possibility of success, not that the plaintiff ultimately will succeed. Based upon the evidence above, this Court finds that the plaintiff has stated a claim for which relief could be granted. Thus, this Court finds that Consol has failed to prove that Latham and Kovalski were fraudulently joined. Since the parties lack diversity of citizenship, this Court finds that the plaintiff's motion to remand must be granted.

In addition, the plaintiff filed a motion to stay on June 28, 2006. Based upon this Court's findings that this civil action should be remanded, the plaintiff's motion to stay must be denied as moot.

## V. Conclusion

For the reasons stated above, it is ORDERED that plaintiff Howard Watson's motion to remand is hereby GRANTED and the plaintiff Howard Watson's motion to stay is DENIED AS MOOT. It is further ORDERED that this civil action is hereby REMANDED to the Circuit Court of Marshall County, West Virginia and that this civil action is DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein and the Clerk of the Circuit Court of Marshall County, West Virginia.

DATED:   September 26, 2006

>                             /s/ Frederick P. Stamp, Jr.
>                             FREDERICK P. STAMP, JR.
>                             UNITED STATES DISTRICT JUDGE